Commonwealth *v.* Baltimore and Cumberland
Valley Railroad Extension Company,
Appellant.

Argued May 27, 1969.   Before Bell, C. J., Cohen,
Eagen, O'Brien, Roberts and Pomeroy, JJ.

*Robert D. Myers,* with him *Rhoads, Sinon & Reader,* for appellant.

*Edward T. Baker,* Deputy Attorney General, with him *William C. Sennett,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE COHEN, October 9, 1969:

Baltimore and Cumberland Valley Railroad Extension Company (appellant) was incorporated in Pennsylvania in 1880 and immediately thereafter constructed a 26 mile railroad line from Waynesboro, Franklin County, to Shippensburg, Cumberland County. By a lease dated May 13, 1886, appellant leased the entire line and its other assets to Western Maryland Railroad Company for 50 years. This lease was renewed for another 50 years on June 27, 1931. Under the lease Western Maryland pays an annual rental of $24,-930.00 and, as a convenience, pays it directly to appellant's stockholders. In addition, Western Maryland pays all taxes owed by appellant and all expenses incurred in operating the railroad.

Since completion of construction of the railroad line, appellant has engaged in no activities whatsoever. It has not paid any Corporate Net Income Tax, relying on the decisions in *Commonwealth v. Delaware River R.R. & Bridge Co.,* 48 Dauph. 18 (1939), and *Commonwealth v. Reading and Southwestern Street Railway Co.,* 54 Dauph. 277 (1943), which, in similar situations, held that such companies were not "doing business" in Pennsylvania as the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, as amended, 72 P.S. §3420a-n requires. However, beginning in 1965, the Commonwealth compelled appellant to file a Corporate Income Tax report and to pay that tax as provided in the Act of August 24, 1951, P. L. 1417, as amended, 72 P.S. §§3420n-1-3420n-12.

For 1965 appellant reported income (per its Federal taxable income) of $24,930. On this amount the Commonwealth settled a tax of $1,495.80. Appellant protested the settlement, unsuccessfully, through the administrative process and the lower court, and has now appealed to this Court.

By its terms the Corporation Income Tax Law applies to appellant. In Section 2, 72 P.S. §3420n-2, it states that a corporation includes both domestic and foreign corporations "carrying on activities in this Commonwealth, or owning property in this Commonwealth. . . ." Appellant, however, asserts that our Court has restricted application of this statute to foreign corporations engaged in interstate commerce activity in Pennsylvania and that it may not, therefore, be applied to a domestic corporation such as appellant. To this effect, appellant cites *Commonwealth v. Eastern Motor Express, Inc.*, 398 Pa. 279, 157 A. 2d 79 (1959).

In *Eastern Motor Express* we dealt with the application of the Corporation Income Tax Law to an Indiana corporation carrying on an exclusively interstate business as a common carrier in Pennsylvania and elsewhere. We upheld the validity of the law and its application to that taxpayer. In considering the factual situation presented in *Eastern Motor Express*, we remarked that the law covered only *foreign* corporations engaged solely in interstate commerce in Pennsylvania. From this, appellant, being a domestic corporation, concludes it is not subject to tax under this law.

Apart from the fact that in *Eastern Motor Express* we were concerned solely with the case of a foreign corporation and were attempting to delineate a particular activity of such a corporation which fell within the Corporation Income Tax Law, we also note we

pointed out (p. 285) that the law imposes a tax upon the net income of "all corporations, domestic and foreign, derived . . . from the ownership of property in this Commonwealth. . . ." It is quite clear that this is a correct statement of the meaning of the law; and since the validity of the law under this meaning is unquestioned, we agree with the lower court that the Act was correctly applied by the Commonwealth to appellant.

Judgment affirmed.

Mr. Justice JONES took no part in the consideration or decision of this case.